CHAPMAN *v.* HALE *et al.*

No. 7373. APRIL 16, 1930.

*V. E. Adams,* for plaintiff.
*W. C. Henson,* and *Craighead & Craighead,* for defendants.

BECK, P. J. G. A. Chapman filed his equitable petition in Fulton superior court against Hale and LaFontaine-Hale-LaFontaine Realty Company, seeking injunctive and other relief. From the petition it appears that the defendants had sued Thomas G. Smith in the municipal court of Atlanta, and had obtained judgment; and pending a motion for a new trial filed by the defendant in that suit, and to avoid garnishment proceedings, Smith tendered plaintiff in error as a security in an undertaking by the terms of which the parties bound themselves to pay the final judgment which might be rendered in the case, and provided that judgment might be entered against both, as in cases of condemnation bond, in the event of an adverse ruling on a motion for a new trial. On June 10, 1929, the motion for new trial was dismissed for want of prosecution and failure to file a brief of evidence, and judgment was entered against both Smith and Chapman, the plaintiff in error, in accordance with the terms and provisions of the bond filed by them. The plaintiff in error then filed a motion to set aside the judgment in the municipal court, alleging that the municipal court was without jurisdiction to enter the judgment against him, because the undertaking which had been entered into by him was not a condemnation-money bond, not being approved by the clerk of the court, and was void and unenforceable. The motion to set aside the judgment came on for hearing on July 29, 1929, in the municipal court of Atlanta, and the judge of that court then presiding rendered a judgment overruling the motion; from which no appeal was taken. After the adverse judgment on the motion to set aside the former judgment, plaintiff in error filed the equitable suit in the superior court substantially setting forth the same ground for setting aside the judgment in the municipal court as had been made by him in the motion to set that judgment aside. This is shown in the pleas filed to the petition. The court below sustained the special plea and dissolved the restraining order.

The judge hearing the equitable petition did not err in refusing to set aside the judgment rendered by the municipal court of Atlanta against the plaintiff in error, and in refusing the injunction sought, the judgment of the municipal court not having been set aside or excepted to.

*Judgment affirmed. All the Justices concur.*